UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| BRADLEY SUMNER, | ) | |
| | ) | 2:  12-cv-01771-JO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| DON MILLS, | ) | |
| | ) | |
| Respondent. | ) | |

Steven T. Wax
Federal Public Defender
Kristina Hellman
Assistant Federal Public Defender
101 SW Main Street, 1700
Portland, Oregon  97204

    Attorneys for Petitioner

Ellen F. Rosenblum
Attorney General
Samuel A. Kubernick
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

    Attorneys for Respondent

1 - OPINION AND ORDER

JONES, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his convictions and sentence for robbery. For the reasons set forth below, the Petition for Writ of Habeas Corpus [2] is denied, and Judgment is entered dismissing this action with prejudice.

## FACTUAL BACKGROUND

Briefly, on December 5, 2003, petitioner robbed a Liberty Bank branch in Springfield, Oregon. At the time of the robbery, the bank was staffed by three tellers and there were no customers. Petitioner wore a nylon mask and the tellers were able to discern his facial features. Petitioner had his hand in his pocket and the tellers believed he was armed. Petitioner stole approximately $16,000 in cash.

Roughly a month later, on January 8, 2004, petitioner robbed the same Liberty Bank branch with his wife. This time the bank was staffed by four tellers (three of whom had been working on the day of the December 2003 robbery). Again, no customers were in the bank. Petitioner and his wife wore dark masks, but one teller saw petitioner's face before he entered the bank. Petitioner had a weapon this time and his wife manipulated her glove as if she too had a weapon. Petitioner and his wife stole approximately $15,500 in cash.

Finally, on February 17, 2004, petitioner robbed a "Check into Cash" check cashing store in Springfield, Oregon. The store was staffed by a security guard and a cashier. Additionally, two customers were in the store. The security guard saw petitioner cover his face with a mask as he entered the store and later saw his face again as he drove away in a van. The security guard was also able to take down the plate number of the van. Petitioner displayed a weapon during the robbery and stole approximately $650. Notably too, the security guard recognized petitioner from an unusual encounter they had had a few weeks prior to the robbery wherein petitioner asked the guard if he was armed.

## PROCEDURAL BACKGROUND

On February 25, 2004, the Lane County Grand Jury returned an indictment charging petitioner with eleven counts of Robbery in the Second Degree. Respondent's Exhibit 104. A jury found petitioner guilty on all counts and the sentencing court imposed a sentence totaling 385 months. Respondent's Exhibit 101.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without written opinion, and the Oregon Supreme Court denied review. *State v. Sumner*, 213 Or. App. 241, 160 P.3d 1040 (2007) *rev. denied*, 343 Or. 224, 168 P.3d 1155 (2007); Respondent's Exhibits 105-110.

Petitioner filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. *Sumner v. Mills*,

3 - OPINION AND ORDER

Umatilla County Circuit Court Case No. CV080498; Respondent's Exhibit 202. On appeal, the Oregon Court of Appeals affirmed the PCR court without written opinion, and the Oregon Supreme Court denied review. *Sumner v. Mills*, 247 Or. App. 623, 273 P.3d 377 (2012), *rev. denied*, ___ Or. ___, ___ P.3d ___ (2012); Respondent's Exhibits 203-210.

On October 1, 2012, petitioner filed this action. In his Petition for Writ of Habeas Corpus, he raises the following grounds for relief:

Ground One: Conviction obtained by trial court's violation of the Sixth Amendment Confrontation Clause.

Supporting Facts: Trial court erroneously allowed the State to use testimonial hearsay, through a police detective's testimony regarding a non-testifying co-defendant's confession: (1) Which implicated defendant to charges he was being tried for. (2) Trial court negligently failed to make any finding of fact or law, why the hearsay was admissible. (3) Trial court gave no jury instruction on hearsay of a co-defendant's confession. (4) Defendant did not have any opportunity to cross-examine the State's hearsay evidence.

Ground Two: Conviction obtained by denial of effective assistance of counsel.

Supporting Facts: Trial counsel was ineffective when he: (1) Failed to make the proper objection to the admission of the co-defendant's hearsay. (2) Counsel bias[ed] the jury by pleading defendant guilty in opening and closing arguments. (3) Counsel breached his duty of loyalty which amounted to a conflict of interest, by pleading defendant guilty without defendant's knowledge or consent to such a trial strategy. (4) Counsel failed to subject the prosecution's case to a meaningful adversarial trial, by abandoning defendant. (5) Counsel failed to investigate and adequately cross-examine State's witnesses, Todd Johnson, Steve Baker & Detective Rappe.

Ground Three:  Assistant District Attorney David J. Schwartz
committed prosecutor[ial] misconduct by violating the 6th and
14th Amendments of the U.S. Constitution by:

Supporting Facts:  ADA Schwartz deliberately elicited perjured
testimony from State witnesses Detective Rappe, Todd Johnson
and Steve Baker.  ADA Schwartz failed to disclose to the Trial
Court that the State witnesses testified falsely.

Ground Four:  Detective Thomas A. Rappe obstructed Justice by
violating the 6th and 14th Amendments of the U.S. Constitution
by:

Supporting Facts:  (1) Submitting a false police report and
false evidence to the grand jury.  (2) By committing perjury
during his testimony at both the defendant's and his co-
defendant's trials.

Respondent asks the Court to deny relief on the Petition

because:  (1) Grounds One, Three and Four, and parts of Ground Two

(Subclaims 4 & 5) are procedurally defaulted and the default is not

excused; (2) the remaining portions of Ground Two (Subclaims 1-3)

were denied in a state court decision entitled to deference; and

(3) all claims lack merit.

## DISCUSSION

## I.    **Unargued Claims**

With the exception of Ground One and Ground Two (Subclaims 1-

3), petitioner fails to brief the merits of his claims in his

counseled supporting memorandum.    The State contends that

petitioner never raised Grounds Three or Four at trial or on direct

appeal and that he did not raise Ground Two (Subclaims 4 & 5) on

appeal from the PCR court's denial of relief.

5 - OPINION AND ORDER

On federal habeas review, petitioner must show that the state court determination denying his claims was contrary to or an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).  The Court's review of the record confirms that petitioner failed to raise his Ground Three or Four claims to the Oregon courts at trial or on direct appeal.  In addition, on appeal from the PCR court's denial of relief, petitioner raised: one claim in his counseled brief alleging trial counsel was ineffective when he failed to object to the admission of his co-defendant's hearsay evidence (Ground Two, Subclaim 1); and one claim in his pro-se supplemental brief alleging trial counsel was ineffective for adopting a strategy of admitting guilt without discussing it with petitioner or obtaining his consent for such strategy (Ground Two, Subclaims 2 & 3).  Therefore, it is apparent that petitioner failed to fairly present the claims set out in Grounds Three and Four and Ground Two (Subclaims 4 & 5) to the Oregon courts in a procedural context in which their merits would be considered.

Accordingly, by not advancing these claims in his supporting memorandum, petitioner has failed to meet the burden of proof for habeas relief under § 2254(d) and relief on these claims must be denied.

///

///

6 - OPINION AND ORDER

## II.  **Exhaustion and Procedural Default**

### A.  **Standards**.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim

7 - OPINION AND ORDER

unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**B.   <u>Analysis</u>**

### <u>Ground One:   The Detective's Testimony Concerning Mrs. Sumner's Confession Violated Petitioner's Sixth Amendment Constitutional Right to Confront His Accusers</u>

Petitioner concedes that this Ground One claim is procedurally defaulted, but argues that his trial counsel's ineffective assistance in failing to raise a Confrontation Clause objection in the face of a clear *Crawford v. Washington*, 541 U.S. 36 (2004) violation, satisfies the cause and prejudice exception to excuse any default of this claim.   For the reasons discussed below, however, the Court rejects petitioner's claim that he was denied constitutionally effective assistance of counsel by counsel's actions surrounding this Confrontation Clause question.

The Court further rejects petitioner's argument that because the PCR court failed to address *Strickland*'s deficient performance prong in its resolution of the ineffective assistance claim (though the PCR court characterized it as a "close call"), this Court should independently determine counsel rendered deficient performance and excuse the procedural default of this claim on that basis alone.   *See Strickland*, 466 U.S. at 697; *Williams v.*

8 – OPINION AND ORDER

*Calderon*, 52 F.3d 1465, 1470 & n.3 (9th Cir. 1995)(When a claim may be disposed of using *Strickland*'s prejudice prong, the reviewing court may bypass the performance prong and resolve it on prejudice grounds). Accordingly, given petitioner's failure to prevail on the related ineffective assistance of counsel claim, he cannot satisfy the cause and prejudice exception to excuse his procedural default of his Ground One trial court error claim and it must be denied.

## III. **Merits**

### A.   **Standards**.

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.   28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's]

9 - OPINION AND ORDER

cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id.* at 409. A federal habeas court reviews the state court's "last reasoned decision." *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id.* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is

10 - OPINION AND ORDER

whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id.* at 696.

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)(per curiam). Moreover, where a state court has adjudicated an ineffective assistance of counsel claim on the merits, a habeas court's review of a claim under the *Strickland* standard is "doubly" deferential. *Harrington v. Richter*, 131 S.Ct. 770, 778 (2011); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

**B.  Analysis.**

    **1.  Ground Two (Subclaims 2 & 3):  Ineffective Assistance of Trial Counsel for Conceding Guilt on Four (Counts 1-4) of the Eleven Robbery Charges to Which Petitioner Pleaded Not Guilty**

In denying this claim on the merits, the PCR court made the following factual findings and legal conclusions on the record[1]:

---

    [1]  Following the initial PCR trial, the PCR court held a rehearing at petitioner's request and put the court's detailed findings and conclusions pertaining to these issues on the record. Respondent's Exhibit 201.

First, in his opening statement, trial counsel conceded that the jury would find Petitioner, Mr. Sumner, guilty of robbing the Check into Cash outlet, Counts 1 through 4. Conceded that.

2, in closing argument, trial counsel conceded that Petitioner was guilty of robbing the Check into Cash outlet, Counts 1 to 4.

3, with regard to the Check into Cash robbery, the evidence at trial against the Petitioner was overwhelming.

4, trial counsel's concessions as to Counts 1 through 4 were nothing more than a recognition of the reality of Petitioner's and trial counsel's situation.

No. 5, trial counsel did not receive Petitioner's express consent to trial counsel's trial strategy. He did not receive it.

No. 6, trial counsel did not inform the Petitioner of his strategy nor explain his strategy to the Petitioner. And he did not discuss that strategy with the Petitioner. The strategy being that he would be telling the jury that Petitioner was guilty on Counts 1 through 4, i.e., the Check into Cash robbery.

No. 7, trial counsel did not believe that Petitioner would have agreed with any such strategy. No. 8, Petitioner pled not guilty of all eleven charges and asserted his innocence throughout on all eleven charges.

No. 9, Petitioner did not affirmatively and expressly consent to trial counsel's strategy. No. 10, trial counsel vigorously contested Petitioner's guilt on the other seven bank robbery charges, Counts 5 through 11.

No. 11, trial counsel subjected the State's case on all eleven counts to meaningful adversarial testing. No. 12, the State's evidence at trial provided sufficient factual basis for the jury to find Petitioner guilty beyond a reasonable doubt on all eleven counts.

No. 13, trial counsel's strategy was well within the range of reasonable choice. And I reference here particularly Krummacher, K-r-u-m-m-a-c-h-e-r, at 290

12 - OPINION AND ORDER

Oregon 867.   Trial counsel's strategy choice was well
withing the range of professionally reasonable judgments.
No. 14, the conduct of trial counsel in choosing his
trial strategy may not be found unreasonable in this
context.

No. [15], this Court rejects Petitioner's argument that
trial counsel's strategy left the prosecution's case
unexposed to meaningful adversarial testing.

Respondent's Exhibit 201, pp. 37-39.

The PCR court then determined that in "not adequately
disclosing the strategy and discussing the strategy with
[petitioner]", counsel rendered deficient performance.  However,
finding no authority for the proposition that failure to inform
petitioner of counsel's trial strategy and discuss it with him
resulted in presumed prejudice, the PCR court ultimately concluded
as follows:

Trial counsel's <u>strategy</u> [itself] fell within the wide
range of reasonable professional assistance.   However,
trial counsel was deficient in not disclosing and
discussing that strategy with Petitioner.   In context,
that was <u>not</u> reasonable.   Even assuming that the failure
to disclose and discuss trial strategy was unreasonable,
Petitioner suffered insufficient prejudice to warrant
post-conviction relief.  Prejudice is not presumed; trial
counsel's conduct was not <u>Per Se</u> prejudicial.

Respondent's Exhibit 202, Judgement, pp. 1-2.

Here, petitioner asserts that the PCR court's determination,
that trial counsel's strategy itself (setting aside counsel's
failure to disclose and discuss the strategy with his client)
satisfied *Strickland*'s performance prong, involved an unreasonable
application of *Strickland* because:   (1) the strategy stripped

13 - OPINION AND ORDER

petitioner of his presumption of innocence; and (2) the PCR court "failed to appreciate the difference between what might constitute a reasonable strategy in a capital case, like *Florida v. Nixon*, 543 U.S. 175 (2004), and a run-of-the-mine robbery trial like [petitioner's]." Brief in Support [28], pp. 18-19.

Petitioner further contends that the PCR court's determination that he was not prejudiced by counsel's guilt concession strategy involved an unreasonable application of *Strickland* because such strategy affected the outcome of his trial in three ways: (1) it established the state's case with regard to the Check into Cash robbery (Counts 1-4); (2) the PCR court's factual finding that the evidence against petitioner in the Check into Cash robbery was "overwhelming" was objectively unreasonable in light of the evidence presented; and (3) the prejudicial impact of the concession on the Check into Cash robbery (Counts 1-4) spilled over to the remaining counts because all three underlying robberies occurred in close geographic and temporal proximity and involved similar facts. *Id.* at 27.

In response, the State maintains that in circumstances such as these where the evidence of guilt is overwhelming, "'a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense or his guilt of one of several charges.'" Reply [33] at 3 (quoting *United States v. Thomas*, 417 F.3d 1053, 1058 (9th Cir. 2005)). Moreover, the State

14 - OPINION AND ORDER

contends that even conceding counsel's representation was deficient, petitioner cannot demonstrate prejudice.

"An attorney undoubtedly has a duty to consult with the client regarding 'important decisions,' including questions of overarching defense strategy." *Nixon*, 543 U.S. at 187 (quoting *Strickland*, 466 U.S. at 688). A defendant "has the ultimate authority to determine whether to plead guilty, waive a jury, testify in his own behalf, or take an appeal. Concerning decisions, an attorney must both consult with the defendant and obtain consent to the recommended court of action." *Id.* (internal citations and quotation marks omitted). As such, an attorney's "concession of guilt without consultation or consent is deficient." *Thomas*, 417 F.3d at 1056. Such deficient performance is also necessarily prejudicial where defense counsel "concedes that there is no reasonable doubt concerning the only factual issues in dispute, [and] the Government has not been held to its burden of persuading the jury that the defendant is guilty." *United States v. Swanson*, 943 F.2d 1070, 1073 (9th Cir. 1991).

At trial in this case, evidence of guilt introduced by the State in the Check into Cash robbery (Counts 1-4) included the following:

1.  A bystander in the parking lot identified petitioner as the man she saw go into the Check into Cash store and then come running out shortly after the store was robbed;

2.    The store's security guard identified petitioner as the man he saw pull a mask over his face moments before came in and robbed the store at gun point;

3.    The security guard spoke with petitioner during the robbery;

4.    Following the robbery, the security guard chased petitioner out of the store and took down the plate number of the van he drove away as the guard was calling 9-1-1;

5.    The security guard saw petitioner's face as he was driving the van away;

6.    The security guard recognized petitioner from an encounter he had had with him a few weeks prior to the robbery. Petitioner had come into the store and asked the guard if he was armed or not. Petitioner's questions bothered the security guard enough that he asked the cashier to review petitioner's transaction and they learned his name was Brad Sumner; and

7.    Police found the van bearing the same license plate number reported by the security guard to 9-1-1 following the Check into Cash robbery in the garage of petitioner's residence. It appeared to have been hastily parked in the garage as it was crushing items such as an entertainment center.

Transcript of Proceedings, Volume II & III, pp. 210-347, 380-383.

Accordingly, based on this record, petitioner cannot rebut the presumption of correctness due the PCR court's finding that the State made its case as to the Check into Cash robbery (Counts 1-4) and that the evidence presented in support of that robbery was overwhelming.

Moreover, in reviewing these claims, the Court finds *Thomas* is the relevant authority. As the PCR court held, counsel's conduct is not presumptively prejudicial and is subject to *Strickland*'s

16 - OPINION AND ORDER

performance *and prejudice* requirements.    As in *Thomas*, in the
instant case,

> Given the multiple charges that [petitioner] faced,
> [trial counsel] could rationally decide to focus on the
> charges that were more defensible and consequential.
> [His] concession was not the functional equivalent of a
> guilty plea, nor did it abandon all meaningful
> adversarial testing of the prosecution's case, such that
> it would be a *Cronic* error.  His failure to consult and
> obtain consent in and of itself does not render [trial
> counsel's] strategic decision presumptively prejudicial.
> The government was put to its burden of proving
> [petitioner's] guilt beyond a reasonable doubt on all
> charges, and counsel by no means entirely failed to serve
> as his advocate.

*Thomas*, 417 F.3d at 1058-59(citing *United States v. Cronic*, 466
U.S. 648 (1948)).

In light of the evidence, it was reasonable for trial counsel
to concede petitioner's participation in the Check into Cash
robbery in an effort to enhance his credibility with the jury and
attempt to differentiate that robbery from the two Springfield
Liberty Bank robberies.    Therefore, trial counsel's deficient
performance for failing to disclose and discuss his strategy with
petitioner notwithstanding, petitioner cannot satisfy *Strickland*'s
prejudice prong.    On this record, it cannot be said that but for
counsel's concession, the outcome of the proceeding would have been
different.    As such, petitioner cannot demonstrate that the PCR
court's conclusion that he failed to show prejudice due to
counsel's concession was contrary to, or involved an unreasonable
application of *Strickland v. Washington*, 466 U.S. 668 (1984).

17 - OPINION AND ORDER

Accordingly, the claims set out in Ground Two (Subclaims 2 & 3) are denied.

2. **Ground Two (Subclaim 1): Ineffective Assistance of Trial Counsel for Failing to Object on Confrontation Clause Grounds to the Detective's Testimony Concerning Petitioner's Wife's Confession in the Face of a Clear *Crawford v. Washington*, 541 U.S. 36 (2004) Violation**

Petitioner asserts that counsel rendered Constitutionally ineffective assistance when he failed to object on Confrontation Clause grounds to the detective's testimony concerning Mrs. Sumner's confession implicating petitioner, her husband, in the robberies--particularly the Liberty Bank robberies.  In response, the State argues that:  (1) had counsel made such an objection, it would have been denied pursuant to the "curative admissibility" doctrine because counsel opened the door to the evidence; and (2) the evidence of guilt on all three robberies was so substantial that any error on counsel's part in failing to make a confrontation clause objection was harmless.

### *Strickland's* Prejudice Prong

As noted above, when a claim may be disposed of using *Strickland*'s prejudice prong, the reviewing court may bypass the performance prong and resolve it on prejudice grounds.  *See Strickland*, 466 U.S. at 697; *Williams v. Calderon*, 52 F.3d 1465, 1470 & n.3 (9th Cir. 1995).  "The essence of an ineffective assistance of counsel claim is that counsel's conduct so undermined

18 - OPINION AND ORDER

the proper functioning of the adversarial process" that the results of the trial or plea "cannot be relied on as having produced a just result." *Williams*, 52 F.3d at 1469)(internal quotations omitted).

In this case, petitioner's PCR counsel argued at the original PCR hearing that: (1) petitioner was prejudiced by trial counsel's failure to object to the damaging testimony because it involved a confession from petitioner's spouse and therefore the jury would find it more credible and would be more likely to convict him on all charges; and (2) counsel's failure here negated any benefit stemming from counsel's strategy to concede guilt on Counts 1-4. In response, the State conceded that there was some merit to petitioner's argument that his wife's admission that she committed the second robbery at her husband's insistence was damaging and that it would have been desirable to keep this evidence out. Nevertheless, the State maintained that petitioner had failed to show that absent the admittance of that evidence the result of the proceeding would have been different.

The PCR court ultimately held:

> As far as the Crawford objection, if it was error, and I think that's a close call, but if it was error, Petitioner has failed to show that he was prejudiced by counsel's failure to pursue that matter.

Respondent's Exhibit 200 at 49.

In addition to the aforementioned evidence pertaining to the February 17, 2004 Check into Cash robbery, evidence introduced by

19 - OPINION AND ORDER

the State pertaining to the December 5, 2003 and January 8, 2004

Liberty Bank robberies at trial included the following:

### Teller Testimony

1.   One teller, Worley, present at both of the Liberty Bank
     robberies, testified that she saw the robber's face,
     including his moustache, through his mask during the
     December 5, 2003 robbery and identified petitioner at
     trial as that robber;

2.   Worley testified that on January 8, 2004 she recognized
     the robber's voice as the same person from the previous
     robbery.  She identified him as the same person based on
     his voice, his height and his weight;

3.   Worley, while unable to positively identify petitioner in
     a photo lineup, eliminated five others leaving only
     petitioner as a possibility in the six-person lineup;

4.   Worley testified that in the December 5, 2003 robbery,
     she saw the robber holding a green nylon-type bag where
     he put the stolen money and which she identified at trial
     as being identical to two bags later found in
     petitioner's wife's residence;

5.   Another teller, Hecker, present at both Liberty Bank
     robberies, testified that the robber had two bags for the
     money which she identified at trial as being identical to
     two bags later found in petitioner's wife's residence;

6.   Hecker testified that at the December 5, 2003 robbery,
     she could see the robber's face through his nylon mask;

7.   Hecker testified that on January 8, 2004, she saw the
     robber's face before he pulled a mask down and entered
     the bank.  She positively identified petitioner as the
     robber in a photo lineup and at trial;

8.   Hecker testified that she was certain the same man
     committed both the December 5, 2003 and January 8, 2004
     robberies;

9.   A third teller, Herington, also present at both Liberty
     Bank robberies, testified that at the December 5, 2003
     robbery, she could see the robber's features, including
     his moustache, through his nylon mask.  She identified

20 - OPINION AND ORDER

petitioner at trial as the man who robbed the bank that day;

10.   Herington identified the bags which were found at petitioner's wife's residence as the bags used to hold the money at the December 5, 2003 robbery;

11.   Herington testified she believed the same robber was involved in both robberies based on his word usage, *e.g.*, addressing the tellers as "ladies", his mannerisms and his knowledge of a certain back drawer;

12.   A fourth teller, Harkins/Rogerson, present only at the January 8, 2004 robbery, testified at trial that petitioner is the same size and stature as the man who robbed the bank on January 8, 2004.

In addition to the tellers' testimony, two of petitioner's fellow inmates, Johnson and Baker, testified at trial that petitioner confessed to them that he committed the check cashing store and bank robberies and that his wife was involved in one robbery. They further testified that petitioner tried to get them to contact petitioner's teenage step-daughter to secure her assistance in establishing an alibi for him. Finally, in a tape-recorded conversation from the jail, petitioner told his son that "booze" caused him to commit the crimes.

Even assuming a Confrontation Clause violation, it is subject to harmless error analysis and the Court must determine whether such error "had a substantial and injurious effect or influence in determining the jury's verdict." *Whelchel v. Washington*, 232 F.3d 1197, 1205 (9th Cir. 2000); *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Here, the other evidence implicating petitioner in the robberies was substantial. *See Deleware v. Van Arsdall*, 475 U.S.

21 - OPINION AND ORDER

673, 684 (1986)(articulating non-exclusive list of factors to consider when determining substantial influence).  Even without petitioner's wife's confession, given the eye witness identifications, physical evidence linking petitioner to the robberies and his own admissions from jail, it seems unlikely that the jury would have reached a different result.

Accordingly, based on the foregoing and the Court's careful review of the record, petitioner cannot demonstrate that the PCR court's denial of this ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).  This claim is denied.

### CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus [2] is DENIED, and this case is DISMISSED, with prejudice. In addition, the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  Accordingly, this case is not appropriate for appellate review.

IT IS SO ORDERED.

DATED this __12th__ day of May, 2014.

_____
Robert E. Jones
United States District Judge